IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth S. Sales,<br><br>      Plaintiff,<br><br>vs.<br><br>Res-Care, Inc., Arbor E&T, LLC, and Lisa Giacco, *individually and as an employee and/or agent of* Res-Care, Inc.,<br><br>      Defendants. | C/A No.: 3:18-cv-03591-JFA-JDA<br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

## I. INTRODUCTION

Plaintiff Kenneth S. Sales ("Plaintiff") filed this action against his former employer, Arbor E&T, LLC ("Arbor"), wholly owned subsidiary of Defendant Res-Care, Inc. ("Res-Care"), and the Regional HR Manager Lisa Giacco ("Giacco") (collectively, "Defendants"). Plaintiff's action alleges race and sex discrimination and retaliation under Title VII of the Civil Rights Act of 1964 ("the Act"), as amended; race discrimination under Title VI of the Act and 42 U.S.C. § 1981; and several state law claims. (ECF No. 11).

All pretrial proceedings in this case, including the instant motion for summary judgment (ECF No. 52), were referred to a Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.).

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that this Court should grant Defendants' motion for summary judgment with respect to Plaintiff's federal claims under Title VI, Title VII, and 42 U.S.C. § 1981 as well as Plaintiff's state law defamation claim. The Magistrate Judge also recommends the Court decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. (ECF No. 62). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

Plaintiff timely filed objections to the Report. (ECF No. 67). Defendants filed their reply. (ECF No. 68). Thus, this matter is ripe for review.

## II.   LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

the absence of specific objections to portions of the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III. DISCUSSION

In the Report, the Magistrate Judge first recommended the Court grant summary judgment as to Plaintiff's claims against Giacco under Title VII and Title VI because Title VII does not permit discrimination or retaliation claims against individual defendants, *see Lissau v. S. Food Serv., Inc.* 159 F.3d 177, 181 (4th Cir. 1998) ("supervisors are not liable in their individual capacities for Title VII violations"), and because Giacco is not a program or activity that has received any federal funds within the meaning of Title VI, *see Windsor v. Bd. of Educ. Of Prince George's Cty.*, No. TDC-14-2287, 2016 WL 4939294, at *9 (D. Md. Sept. 13, 2016) (dismissing Title VI claims against the individual defendants). Plaintiff did not file objections on this ground and Defendants request the Court adopt the Report in full. In the absence of specific objections to the Report of the Magistrate Judge, the Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, the Court adopts the Report and Recommendation on this ground.

Next, the Magistrate Judge recommended granting summary judgment on Plaintiff's claims that he was terminated on the basis of his race in violation of Title VII, Title VI, and 42 U.S.C. § 1981 because he has no evidence of a causal link between his discharge and his race. The Court agrees with the Magistrate Judge's determination that the Plaintiff has not proffered evidence to support an inference that there was a connection between his

4

race and Plaintiff's discharge because Lamb is not a true comparator. As the Fourth Circuit has noted, where a plaintiff attempts to rely on comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination, there must be "enough common features between the individuals to allow [for] a meaningful comparison." *Haywood v. Locke*, 387 F.App'x 355, 360 (4th Cir. 2010) (quoting *Humphries v. CBOCS West, Inc.*, 474 F.3d 387, 405 (7th Cir. 2007)). *See also Ketema v. Midwest Stamping, Inc.*, 180 F.App'x 427, 428 (4th Cir. 2006) (affirming summary judgment where evidence was insufficient to show proposed comparators were similarly situated). In spite of Plaintiff's accurate assertion in his objections that comparator evidence is not strictly required to prove discrimination, he continues to argue that he was treated less favorably than Lamb. Further, Plaintiff has failed to present any alternative evidence to support his claims. Plaintiff's objection is overruled and the Court adopts the Report on this ground.

The Magistrate Judge further recommends granting summary judgment as to Plaintiff's claims that he was terminated because of his sex and that he was denied certain resources for the same reason. The Magistrate Judge determined that Plaintiff failed to identify a valid comparator who was treated more favorably for similar offenses. Plaintiff's claims assert that because of his sex, Defendants denied his requests to either provide his office with an in-house human relations representative or provide him with additional human resources ("HR") training. However, Plaintiff failed to provide evidence showing that the denial of his HR requests amounted to an adverse employment action. Further, the Magistrate Judge correctly found that Plaintiff cannot establish his gender discrimination

claim because Murphy was not similarly situated. As with Lamb, Murphy was not in a leadership role and the allegations against her at the time of the investigation—that she acted overly familiar with Lamb—were not similar to Plaintiff's statements.

The Report also recommends granting summary judgment as to Plaintiff's claim of retaliation. The Magistrate Judge considered that although Plaintiff complained about the denials of his HR requests, he admitted in his deposition that he never made any complaints that he was being treated differently based on his race or sex. Plaintiff also did not point to anything in the record indicating that he did complain of race or sex discrimination. Additionally, the Magistrate Judge noted that even assuming Plaintiff established a prima facie case, Defendants would still be entitled to summary judgment on Plaintiff's discrimination and retaliation claims challenging his termination because Defendants have offered a legitimate nondiscriminatory and nonretaliatory explanation for the termination—Plaintiff's inappropriate statements. Moreover, Plaintiff has not forecasted evidence from which it could be reasonably inferred that this explanation is actually a pretext for discrimination or retaliation.

Plaintiff's objections to the foregoing raise numerous factual arguments to the Report. In their reply, Defendants argue that Plaintiff's objections fail to adhere to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure such that Plaintiff has waived the right to *de novo* review of the Report. Plaintiff's objections aver that the Report fails to consider the facts in a light most favorable to the Plaintiff and that the Magistrate Judge erred in recommending that summary judgment be granted as to Plaintiff's federal

discrimination claims and state law defamation claim. (ECF No. 67).[2] The Court agrees that substantial portions of Plaintiff's objections are nonspecific or conclusory disagreements with the Report and addresses only those arguments warranting *de novo* review.

Plaintiff objects to the Report on the basis that the Report erroneously fails to analyze the race and sex claims in combination. As an initial matter, a sex plus race claim under § 1981 is not viable because § 1981 does not apply to claims of sex discrimination. *Rutledge v. Sumter County School District*, No. 3:19-CV-03368-JMC, 2020 WL 5742801, at *3 (D.S.C. Sept. 25, 2020) (noting that § 1981 "does not address discrimination based on sex and cannot form the basis of a cause of action for sex discrimination"). The undersigned is unaware of any binding precedent requiring the court to analyze Plaintiff's attempts to combine protected traits under Title VII. Moreover, even if such an argument were proper, Plaintiff cannot succeed on proving discrimination as a black male for the same reasons that he cannot succeed on claims that he was discriminated against based on his race or gender alone—he has not presented any credible evidence.

Plaintiff's objections point to irrelevant background facts that have no bearing on the critical issues of this case, while simultaneously readmitting the truth of the undisputed material facts. As the Supreme Court has stated, "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of

---

[2] Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47–48 (4th Cir.1982).

summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Plaintiff's failure to distinguish between those facts which have an impact on the outcome of the case and disagreement over minor, immaterial facts is fatal to his argument. *See id.* The Court's review of the Report in light of Plaintiff's objections finds the Magistrate Judge correctly concluded Defendants were entitled to exercise their discretion as to employment matters, and that there was no evidence Defendants made any adverse decision based on Plaintiff's race or gender.[3]

Regardless of his own disagreement, Plaintiff has not presented any evidence to suggest that the Defendants' reason for discharging his employment was a false pretext for discrimination. Furthermore, the Magistrate Judge correctly concluded that Plaintiff failed to show that any of his proposed comparators were similarly situated and that Plaintiff's purported evidence proved insufficient to establish a prima facie case as to his claims under

---

[3] Defendants maintain that they made their decisions based on the results of Giacco's investigation, which relied heavily on the interviews she conducted. (*E.g.*, ECF. No. 61-9 at 3 (Brown's testimony that she relied on the information Giacco provided her in deciding to discharge Plaintiff)). Plaintiff contends that there are material disputes regarding what was said during these interviews. (ECF No. 57 at 15). However, Plaintiff points to no support in the record for the proposition that Giacco incorrectly reported what was said during the interviews. (*Id.*). Plaintiff also asserts that some of what was said to Giacco during the interviews was incomplete or not true, and he contends that she would have gained a better understanding of the true facts had she investigated more thoroughly. (*Id.* at 13–17). But whether some witnesses lied to Giacco or she would have learned more had she investigated more thoroughly is immaterial; what matters for purposes of proving discrimination is the decision-makers' perception of the underlying facts. *See King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003) ("It is the perception of the decision maker which is relevant." (internal quotation marks omitted)). That some of the witnesses may not have been truthful and that a more thorough investigation might even have uncovered the lies are of no moment. *See Bonds v. Leavitt*, 629 F.3d 369, 386 (4th Cir. 2011) ("Even if these investigations were improper or substandard, that does little to help [the plaintiff] establish that the reasons given for her termination were not the actual reasons, and it certainly does not give rise to a reasonable inference that her race or gender was the real reason for the termination."); *see also DeJarnette v. Corning Inc.*, 133 F.3d 293, 299 (4th Cir. 1998) ("[I]t is not our province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination.").

Title VI, Title VII, and 42 U.S.C. § 1981. Accordingly, the Court agrees that Plaintiff cannot meet his burden to defeat summary judgment. Therefore, the Court adopts the Report as to Plaintiff's federal claims under Title VI, Title VII, and 42 U.S.C. § 1981. Plaintiff's objections lack merit and are overruled.

The Court must next determine whether it should exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a). A district court has broad discretion in deciding whether to dismiss, remand, or retain a case after relinquishing all federal claims in the case.[4] *See, e.g.*, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639–41 (2009); *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). In determining whether to retain, remand, or dismiss the state law claims, a district court should examine the "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan*, 58 F.3d at 110 (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988); *Growth Horizons, Inc. v. Delaware County*, 983 F.2d 1277, 1284 (3d Cir. 1993)). "There are *no* situations wherein a federal court *must* retain jurisdiction over a state law claim, which

---

[4] The Court observes that even though the majority of the Fourth Circuit's cases on this issue are unpublished, the Fourth Circuit tends to be consistent in its holdings. In the vast majority of cases, the Fourth Circuit holds that the district court did not abuse its discretion in deciding to dismiss, remand, or retain the state law claims. Rather, the Fourth Circuit tends to focus its analysis on whether the district court recognized it had discretion and considered whether or not to dismiss, retain, or remand the state law claims. *See Farrell v. Macy's Retail Holdings, Inc.*, 645 F. App'x 246, 249 (4th Cir. 2016) (vacating a district court's dismissal of the state law claims because the court's order was silent regarding its consideration of whether to exercise supplemental jurisdiction over the state law claims). Thus, regardless of whether the court decides to remand or retain the state law claims, the court must provide an analysis of its decision to exercise supplemental jurisdiction in its order. *Id.* (citing *Aggarao v. MOL Ship Mgmt. Co.*, 675 F.3d 355, 366 (4th Cir. 2012) (stating that a "district court's failure to recognize that it had discretion is an abuse of discretion")).

would not by itself support jurisdiction." *Shanaghan*, 58 F.3d at 110 (4th Cir. 1995) (alteration in original).

The supplemental jurisdiction factors to consider as set forth by the United States Supreme Court in *Carnegie-Mellon University v. Cohill* are judicial economy, convenience, fairness, and comity. 484 U.S. 343, 351 n.7 (1988). District courts in the Fourth Circuit have considered other related factors, including: (1) whether the claim involves straightforward application of well-defined case law, *Caughman v. S.C. Dep't of Motor Vehicles*, C/A No. 3:09-503-JFA-PJG, 2010 WL 348375, at *2 (D.S.C. Jan. 26, 2010); (2) whether the parties have completed discovery, *id.*; (3) whether the complaint was filed in federal court, *Spears v. Water & Sewage Auth. of Cabarrus Cty.*, 1:15cv859, 2017 WL 2275011, at *9 (M.D.N.C. May 24, 2017); and (4) length of time the case has been pending in federal court, *de Reyes v. Waples Mobile Home Park Ltd. P'ship*, 251 F. Supp. 3d 1006, 1023 (E.D. Va. 2017).

Here, Plaintiff alleges state law claims against various combinations of Defendants for tortious interference with contract, defamation, and civil conspiracy. (ECF No. 11). Specifically, Plaintiff asserts state law claims for tortious interference with contract against Giacco and Res-Care and defamation and civil conspiracy against all Defendants. The Magistrate Judge recommends granting summary judgment as to Plaintiff's defamation claim and declining to exercise supplemental jurisdiction as to Plaintiff's remaining state law claims. Plaintiff has not objected to the Magistrate Judge's recommendation as to the disposition of his civil conspiracy or tortious interference claims.

Applying the aforementioned factors, the Court finds that the underlying considerations of whether to retain jurisdiction over Plaintiff's state law claims counsel the court to exercise its supplemental jurisdiction. This case has been pending since December 2018, discovery has concluded, Plaintiff elected to file his complaint in federal court, dismissal would needlessly cause delay if Plaintiff wishes to seek relief in state court, and the state court would need to acquaint itself with a case that this court is already familiar with. Accordingly, the Court rejects the Report's recommendation to dismiss the state law claims of civil conspiracy and tortious interference with contract, electing instead to exercise supplemental jurisdiction over these claims.[5]

The Magistrate Judge's Report recommends granting summary judgment as to Plaintiff's defamation claim because Plaintiff showed no evidence that false and defamatory statements were made about him. Plaintiff objects to the Magistrate Judge's conclusion, but the Court finds Plaintiff's objection lacks merit. Plaintiff has not presented sufficient evidence to show defamation under South Carolina law. Specifically, there is no evidence to support Plaintiff's claim that Brown told a third-party state employee that he had been discharged. Brown testified that she had not made any such statements, and

---

[5] The Magistrate Judge recommended against dismissing the state law claim of defamation, suggesting that the applicable state statute of limitations has run on this claim. In doing so, the Magistrate Judge relied on *Ketema v. Midwest Stamping, Inc.*, 180 F. App'x 427, 427 (4th Cir. 2006). However, the supplemental jurisdiction statute, 28 U.S.C. § 1367(d), provides that any potentially applicable statute of limitations is tolled for thirty days after the dismissal without prejudice of the supplemental state law claim. *See Artis v. District of Columbia*, 138 S. Ct. 594, 598 (2018) ("Section 1367(d) provides that the 'period of limitations for' refiling in state court a state claim so dismissed 'shall be tolled while the claim is pending [in federal court] and for a period of 30 days after it is dismissed unless state law provides for a longer tolling period.'"). Fully aware that the Court could dismiss the remaining state law claims to be refiled in state court, the Court has determined, for reasons set forth above, to retain the claims and address them on their merits.

Plaintiff has no other evidence to suggest that she did. Moreover, even if she had made the statements alleged, they were indisputably true—Plaintiff *was* discharged. Plaintiff's disagreement with the reasons for his discharge does not amount to evidence and he cannot show that any false statement was made.

Plaintiff's objection on the basis that Defendants are responsible for the statements made by Murphy in the course of the investigation is also unavailing. Plaintiff's insistence that Murphy made false allegations against him, when he admits that the allegations were true,[6] is incongruous. Moreover, as the Report points out, statements made in the course of a harassment investigation are privileged, and there is no evidence that the statements were made in bad faith. *See Constant v. Spartanburg Steel Prod., Inc.*, 316 S.C. 86, 447 S.E.2d 194, 196 (1994). Plaintiff's objections are overruled, and the Court adopts the Magistrate Judge's recommendation as to the Plaintiff's defamation claim.

Plaintiff's remaining state law claims also lack merit. With respect to Plaintiff's civil conspiracy claim, Plaintiff fails to present any colorable argument to challenge the intracorporate conspiracy doctrine, which mandates that there can be no conspiracy between an employer and its employees. *See McMillan v. Oconee Memorial Hosp., Inc.,* 626 S.E.2d 884, 887 (S.C. 2006); *Callum v. CVS Health Corp.,* 137 F. Supp. 3d 817, 843 (D.S.C. 2015). For this reason, Plaintiff's civil conspiracy claim fails as a matter of law. Plaintiff likewise fails to address the pivotal flaw in his claim for tortious interference with

---

[6] Notably, Plaintiff does not dispute that, during a sexual harassment investigation, he made comments to Murphy telling her that "beauty is a gift and a curse," that men are "visually stimulated" and women are "emotional," and that he had daydreams about women in the office. (ECF No. 67).

contract—that is, Plaintiff was an at-will employee who had no contract for a specific term of employment with Defendants. Without an enforceable contract, there can be no "intentional procurement of its breach." *See Eldeco, Inc. v. Charleston Cty. Scho. Dist.*, 372 S.C. 470, 480 (2007). Nor has Plaintiff presented any evidence that Giacco was acting as anything other than Defendants' agent during her harassment investigation. An action for tortious interference with contract requires interference by a third party, it does not protect a party to a contract from actions of the other party. *See Dutch Fork Development Group II, LLC v. SEL Properties, LLC,* 406 S.C. 596, 604, 753 S.E.2d 840 (2012) ("[A]n action for tortious interference protects the property rights of the parties to a contract against unlawful interference by third parties . . . [t]herefore, it does not protect a party to a contract from the actions of another party.") (citation omitted).

The Court agrees with the Magistrate Judge's thorough analysis and finds for the reasons explained by the Magistrate Judge that Defendants are entitled to summary judgment on Plaintiff's claims of race discrimination, sex discrimination, retaliation, and the state law claim of defamation.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, the Court adopts in part and rejects in part the Report and Recommendation. (ECF No. 62). Accordingly, the Court adopts the Report and Recommendation with respect to Plaintiff's federal claims and state law defamation claim. However, regarding Plaintiff's two remaining state law claims, the Court declines to adopt the Report's recommendation. Therefore, in its discretion, the Court retains

jurisdiction over these claims in the interest of fairness and convenience and finds Defendants are entitled to summary judgment on these claims. For the reasons stated above, Defendants' motion for summary judgment (ECF No. 52) is granted.

IT IS SO ORDERED.

March 30, 2021                     Joseph F. Anderson, Jr.
Columbia, South Carolina           United States District Judge